IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

GEORGE C. SAPP, )
)
    Plaintiff, )
)
vs. ) CV 02-J-2130-NE
)
PITNEY BOWES, INC., )
)
    Defendant. )

**MEMORANDUM OPINION**

    Pending before the court is defendant's motion for summary judgment (doc. 24). The court has reviewed the motion and defendant's other submissions. Plaintiff has failed to respond to the motion.

    Since, plaintiff has not filed any opposition, this court adopts the statement of facts set forth in defendant's brief.

### I. Standard of Review

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

    [T]he plain language of Rule 56(c) mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d

918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

## II. Analysis

Plaintiff brings claims for disparate treatment race discrimination under Title VII and § 1981 arising out of defendant's demotion of plaintiff and due to his alleged lesser pay than similarly situated white comparators. Plaintiff has presented only circumstantial evidence race discrimination and accordingly, this claim must be analyzed utilizing the *McDonnell Douglas* shifting burden analysis.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To set forth a prima facie case of race discrimination, plaintiff must demonstrate: (1) that he belongs to a racial minority; (2) that he was subjected to an adverse employment action; (3) that his employer treated similarly situated employees outside his protected class more favorably; and (4) that he was qualified to do the job. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). The only elements of the existence of a prima facie case which are in dispute are whether plaintiff was qualified for the position he was demoted from and whether any similarly situated non-black employees were treated more favorably by defendant. Defendant's Brief at 11.

The court finds that, taking the evidence in the light most favorable to the non-moving party, the plaintiff has failed to set forth a prima facie case of disparate impact

---

[1] Claims under Title VII and 1981 are analyzed under the same framework. *Holiness v. Moore-Handley*, 114 F.Supp.2d 1176, 1181 (N.D. Ala. 1999).

race discrimination. The evidence present before this court indicates that plaintiff was not qualified for the position of Field Sales Manager and no non-black individuals, similarly situated to plaintiff, were treated more favorably.

No evidence is present before this court to indicate that plaintiff was qualified for the position of Field Sales Manager. Moreover, defendant has presented numerous examples of problems with plaintiff's job performance, which calls into question his qualifications for the position. *Beck v. City of Haleyville*, 127 F.Supp.2d 1197, 1209 (N.D. Ala. 2001). The position of Field Sales Manager required plaintiff to perform a variety of administrative duties. However, it is clear from a variety of disciplinary letters and deficiencies noted during his employment evaluations, that plaintiff could not or would not meet the requirements of his job. Defendant's Exhs. 12, 13, 17, 19, 20, 21.

Thus, plaintiff has failed to meet his burden of demonstrating a prima facie case of employment discrimination based on either his demotion or disparate pay.

### III. Conclusion

Based upon the foregoing, defendant Pitney Bowes, Inc.'s motion for summary judgment is **GRANTED**. Plaintiff's claims shall be **DISMISSED** by separate order.

**DONE** and **ORDERED** this the 25 day of June 2003.

Inge P. Johnson
U.S. District Judge